# Exhibit A

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH
### INFORMATION SHEET

ADDUCI, MASTRIANI & SCHAUMBERG, LLP

Case Number: **2015 CA 005059 B**

vs

Date: 7/7/2015

A&J  MANUFACTURING, LLC ET AL.

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Christopher G.  Hoge | ☑ Attorney for Plaintiff |
| Firm Name:  Crowley,  Hoge & Fain,  PC | ☐ Self (Pro Se) |
| Telephone No.:          Six digit Unified Bar No.: | ☐ Other: |
| 2024832900               203257 | |

TYPE OF CASE: ☑ Non-Jury     ☐ 6 Person Jury     ☐ 12 Person Jury

Demand: $ 504,966.00 plus interest     Other:
& cost

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar#: _____

---

### NATURE OF SUIT:    *(Check One Box Only)*

#### A. CONTRACTS

COLLECTION CASES

| | | |
|---|---|---|
| ☑ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 Pltf. Grants Consent |
| ☐ 15 Special Education Fees | ☐ 13 Employment Discrimination | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 10 Mortgage Foreclosure/Judicial Sale | | |

#### B. PROPERTY TORTS

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Traffic Adjudication |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

#### C. PERSONAL TORTS

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 12 Malicious Interference | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 23 Tobacco |
| ☐ 08 Fraud | ☐ 16 Negligence- (Not Automobile, Not Malpractice) | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 04 Condemnation (Emin. Domain)
- [ ] 05 Ejectment
- [ ] 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- [ ] 08 Quiet Title
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)

- [ ] 10 T.R.O./ Injunction
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)

- [ ] 25 Liens: Tax/ Water Consent Granted
- [ ] 26 Insurance/ Subrogation Under $25,000 Consent Denied
- [ ] 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- [ ] 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 30 Liens: Tax/ Water Consent Denied
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower
- [ ] 34 Insurance/Subrogation Over $25,000 Consent Denied

**D.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)

- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a) (1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

_____
Attorney's Signature

7-9-15
_____
Date

CV-496/Oct 14

Filed
D.C. Superior Court
07/07/2015 15:36PM
Clerk of the Court

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
#### Civil Division

| | | |
|---|---|---|
| ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P. | ) | |
| A Limited Liability Partnership | ) | |
| 1133 Connecticut Avenue, N.W. | ) | |
| Washington, D.C.  20036 | ) | |
| | ) | |
|                Plaintiff | ) | |
| | ) | |
|           v. | ) | Civil Action No.  2015 CA 005059 B |
| | ) | |
| A&J MANUFACTURING, L.L.C. | ) | |
| A Limited Liability Company | ) | |
| 2465 Demere Road, Suite 210 | ) | |
| St. Simons Island, GA  31522-1630 | ) | |
| | ) | |
|             and | ) | |
| | ) | |
| A&J MANUFACTURING, INC. | ) | |
| A Corporation | ) | |
| 903 Lake Asbury Drive | ) | |
| Green Cove Springs, FL 32043 | ) | |
| | ) | |
| | ) | |
|               Defendants | ) | |

### COMPLAINT
**(Breach of Contract; Quantum Meruit; Account Stated; Unjust Enrichment)**

Comes now the Plaintiff, Adduci, Mastriani & Schaumberg, L.L.P. ("AMS"), by its

undersigned counsel, and for its Complaint against the Defendants, A&J Manufacturing, LLC

and A&J Manufacturing, Inc. states as follows:

1

## JURISDICTION

1.     Plaintiff AMS is a limited liability partnership of attorneys duly licensed and doing business as a law firm in the District of Columbia.

2.     Upon information and belief, Defendant A&J Manufacturing, LLC is a Georgia corporation involved in the design, development, manufacture, distribution and sale of barbeque smokers, grills, and accessories under the brand name "Char Griller".

3.     Upon information and belief, Defendant A&J Manufacturing, Inc. is a Florida Corporation, affiliated under common ownership and management with A&J Manufacturing, LLC, and generally responsible for sales and distribution of Char Griller products.

4.     Subject matter jurisdiction of this Court is founded upon District of Columbia Code Section 11-921, *et seq.*

5.     *In personam* jurisdiction over the Defendants is premised upon the District of Columbia Long-Arm statute, D.C. Code, Sections 13-423(a)(1) (transacting business in the District of Columbia), 13-423(a)(3) (causing tortious injury in the District of Columbia by an act or omission in the District of Columbia), and/or 13-423(a)(4) (causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if the defendant regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed in the District of Columbia).

6.     The Standard Engagement Agreement between Plaintiff and A&J Manufacturing, Inc. states that it is "governed by the laws of the District of Columbia, and any action related to the agreement shall be commenced in a court of competent jurisdiction within the District of Columbia."

2

## STATEMENT OF FACTS

7.     On or about May 21, 2013, Plaintiff transmitted a written Standard Engagement

Agreement (the "Engagement Agreement") to Jay Simms, president of both A&J Manufacturing,

LLC and A&J Manufacturing, Inc., identifying A&J Manufacturing, Inc. d/b/a Char-Griller as

the client.  The Agreement provided for legal representation of Defendants by Plaintiff "before

federal agencies and court concerning customs and international trade matters", and, as orally

agreed upon by the parties, included filing a Complaint seeking institution of an investigation

before the United States International Trade Commission ("USITC") pursuant to Section 337 of

the Tariff Act of 1930, as amended 19 USC 1337.

8.     No representative of Defendants counter-signed the Engagement Agreement.

However, in the ensuing months, the parties acted in accordance with its terms, to which

Defendants agreed by their conduct, and Defendants accepted benefits thereunder.  Plaintiff has

billed Defendants on a monthly basis as set forth in the Agreement.  The Agreement disclosed

the range of hourly rates that would be charged by Plaintiff for attorneys and support staff in

connection with the representation.  In consideration of Plaintiff's previous relationship with co-

counsel on the case, and conditioned on timely (within 30 days) payment of Plaintiff's invoices,

Plaintiff agreed to discount the fees by 10%.

9.     The Agreement specified that Defendant would be responsible for paying the firm

when invoiced.

10.     The Agreement further set forth Defendants' responsibility to pay all expenses

incurred in connection with Plaintiff's representation of Defendants.

11.     The Agreement further contained the following provision:  "Although, on client

request, [Plaintiff] may attempt to estimate the fees and expenses for an engagement, legal

representations often involve variables that make it difficult or impossible to estimate fees accurately."

12.     A Complaint consistent with the USITC's requirements for fact pleading was filed by Plaintiff on behalf of Defendants on August 21, 2013.

13.     Over the course of a more than sixteen month investigation, Plaintiff spent hundreds of hours representing Defendants in the investigation, including but not limited to researching and writing pleadings; engaging in extensive discovery; preparing for and representing Defendants at a 5-day evidentiary hearing in Washington, D.C.; and providing specialized expertise related to Section 337 investigations.

14.     In addition, Plaintiff incurred substantial costs and expenses on behalf of Defendants, including but not limited to costs associated with discovery and the evidentiary hearing.

15.     An initial invoice was paid via co-counsel on August 5, 2013.

16.     Outstanding invoices billed monthly from August – November 2013 were paid in full by A&J Manufacturing on December 10, 2013.

17.     In February and March 2014, Plaintiff sought to have Defendants pay outstanding invoices for December, January and February.

18.     By approximately the second week of March 2014, the first of three in another series of outstanding monthly invoices, dated December 2013 – February 2014, was approaching 90-days past due.

19.     On or about March 18, 2014, the parties engaged in discussions to resolve recurring billing issues.  For upcoming phases of the investigation, Plaintiff agreed to cap its attorneys' fees, not including expenses, at the lower end of the projected fee ranges that Plaintiff

4

transmitted to Defendants on March 18, 2014. The ranges themselves reflected the initial 10% discount offered at the outset of the case. Plaintiff also agreed to an additional 10% discount in the fees. In return, Defendants agreed to provide Plaintiff with a 10% bonus at the end of the investigation, upon the successful issuance of relief. The caps, above which hours worked would not be billed, were confirmed by Plaintiff on March 20, 2014, and also conditioned on timely payment of the outstanding invoices. Defendants acknowledged receipt of the amended terms by e-mail dated March 27, 2014.

20.     The bulk of the outstanding invoices billed monthly from December 2013 – February 2014 were paid by A&J Manufacturing on March 20, 2014, and the balance then due was paid on April 8, 2014. On or about March 27, 2014, A&J Manufacturing, LLC's and A&J Manufacturing, Inc.'s president, Jay Simms, sent an e-mail to James Adduci, a partner in Plaintiff's law firm, confirming that "we are fairly clear on everything now", and thanked Adduci for his "patience and cooperation."

21.     Subsequent monthly invoices issued by Plaintiff have not exceeded the fee caps established by the March 2014 amended agreement.

22.     On or about May 15 2014, Plaintiff again contacted A&J Manufacturing, LLC's and A&J Manufacturing, Inc.'s president in an effort to bring Defendants' account current.

23.     Defendants continued to make monthly payments on Plaintiff's monthly invoices through August 6, 2014.

24.     Plaintiff continued to invoice Defendants for ongoing work on a monthly basis consistent with the March 2014 amended agreement.

25.     At no time prior to on or about December 1, 2014, did Defendants contest or challenge the validity of Plaintiff's invoices.

5

26.     In or about December 2014, after Plaintiff again requested payment of its outstanding invoices, Defendants again sought to renegotiate the amount of payment due, in contravention of the March 2014 amended agreement.

27.     Despite Defendants' failure to make regular payments as agreed upon in March 2014, Plaintiff continued to represent them through final resolution of the Section 337 investigation.

28.     Defendants have failed to pay Plaintiff the amounts due under its invoices. Defendants received substantial benefits as a result of Plaintiff's services.

29.     As of the date of this Complaint, Defendants owe $504,966.00, not including interest, for unpaid fees and expenses in exchange for the legal services received from Plaintiff. This balance due reflects discounts given over the course of the investigation, including a net 30-day payment discount which is unwarranted in view of Defendants' payment history and their effective cessation of any payment after August 2014.

## COUNT ONE
### (Breach of Contract)

30.     Plaintiff incorporates by reference the facts and allegations set forth in paragraphs 1 – 29 of this Complaint into this, the first count thereof.

31.     The Standard Engagement Agreement sent by Plaintiff to Mr. Simms set forth the specific terms pursuant to which Plaintiff offered its legal services to Defendants.  Defendants accepted those terms by their conduct, including but not limited to their initial payment of invoices rendered by Plaintiff pursuant to the Agreement, and their acceptance of legal services rendered by Plaintiff pursuant to the Agreement.

32.    Despite the failure of Defendants to counter-sign the Agreement, the parties operated in conformity with the terms of the Agreement until the subsequent amended agreement negotiated by the parties in March 2014.

33.    The agreement between the parties which was reached in March 2014, and which is evidenced by an e-mail exchange between James Adduci on behalf of Plaintiff and Jay Simms on behalf of Defendants, constituted an amendment of the original Engagement Agreement to which both parties agreed.

34.    Defendants have breached the terms of both the original Engagement Agreement and the subsequent, amended March 2014 agreement by failing to pay Plaintiff the amounts due for its services and expenses as set forth in monthly invoices.  The amount currently due is $504,966.00, plus interest.

35.    The original Engagement Agreement provides that "The prevailing party in any action or proceeding to interpret, declare or enforce any provision of this agreement will be entitled to reasonable attorneys' fees and costs incurred in that action or proceeding."

WHEREFORE, Plaintiff respectfully demands judgment against both Defendants herein, jointly and severally, for breach of contract in the amount of $504,966.00, plus pre-judgment and post-judgment interest, plus its attorneys' fees and costs in pursuing this claim, plus such other and further relief as the Court may deem fair and reasonable.

**COUNT TWO**
**(Quantum Meruit)**

36.    Plaintiff incorporates by reference the facts and allegations set forth in paragraphs 1 – 35 of this Complaint into this, the second count thereof.

37.    In the event that this Court does not find an express written or oral contract between the parties, Plaintiff is nevertheless entitled to compensation because it performed

7

valuable legal services for Defendants; because Defendants accepted, used and enjoyed the Plaintiff's services; and because the circumstances reasonably put the Defendants on notice that Plaintiff expected to be paid by Defendants.

38.     The reasonable value for outstanding services and expenses provided by Plaintiff to Defendants is $504,966.00, plus interest. .

WHEREFORE, Plaintiff respectfully demands judgment against both Defendants herein, jointly and severally, based upon quantum meruit, in the amount of $504,966.00, plus pre-judgment and post-judgment interest, plus their attorneys' fees and costs in pursuing this claim, plus such other and further relief as the Court may deem fair and reasonable.

### COUNT THREE
### (Account Stated)

39.     Plaintiff incorporates by reference the facts and allegations set forth in paragraphs 1 – 38 of this Complaint into this, the third count thereof.

40.     Plaintiff has presented Defendants with an account stated, by means of its monthly invoices sent to Defendants.

41.     Prior to on or about December 1, 2014, Defendants stated no objections to the invoices.

42.     Despite demand, Defendants have failed to pay for Plaintiff's services, as set forth in Plaintiff's monthly billings.

43.     Defendants are jointly and severally liable for these unpaid invoices.

WHEREFORE, Plaintiff respectfully demands judgment against both Defendants herein, jointly and severally, based upon account stated, in the amount of $504,966.00, plus pre-

judgment and post-judgment interest, plus their attorneys' fees and costs in pursuing this claim, plus such other and further relief as the Court may deem fair and reasonable.

**COUNT FOUR**
**(Unjust Enrichment)**

44.     Plaintiff incorporates by reference the facts and allegations set forth in paragraphs 1 – 43 of this Complaint into this, the fourth count thereof.

45.     Defendants have been unjustly enriched by the receipt of Plaintiff's services without having paid for them.

46.     Plaintiff, by providing the services called for in the initial Engagement Agreement and the March 2014 amendment, conferred significant benefits upon the Defendants.

47.     Defendants knew and accepted the benefits conferred by Plaintiff through its representation of Defendants before the USITC.

48.     Plaintiff has a reasonable expectation of payment, and Defendants should reasonably be expected to pay, for the benefits conferred on Defendants by Plaintiff.

49.     Principles of equity and good conscience require that Defendants pay Plaintiff for the substantial benefits conferred upon them.

WHEREFORE, Plaintiff respectfully demands judgment against both Defendants herein, jointly and severally, for unjust enrichment, in the amount of $504,966.00, plus pre-judgment and post-judgment interest, plus their attorneys' fees and costs in pursuing this claim, plus such other and further relief as the Court may deem fair and reasonable.

Respectfully submitted,

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
Plaintiff
By Counsel

9

CROWLEY, HOGE & FEIN, P.C.

By:   /s/ Christopher G. Hoge
      Christopher G. Hoge #203257

Attorneys for Plaintiffs
1730 Rhode Island Avenue, N.W.
Suite 1015
Washington, D.C.  20036
(202) 483-2900
(202) 483-1365 (FAX)
chfcgh@aol.com



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
    Vs.                               C.A. No.     2015 CA 005059 B
A AND J MANUFACTURING LLC et al
                **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                 Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date:  July 7, 2015
Initial Conference: 9:30 am, Friday, October 09, 2015
Location:  Courtroom 214
         500 Indiana Avenue N.W.

                                                   Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

ADDUCI, MASTRIANI & SCHAUMBERG, LLP
_____
Plaintiff

vs.                                                Case Number 2015 CA 005059 B

A&J MANUFACTURING, LLC   ET AL.
_____
Defendant

## SUMMONS

To the above named Defendant:   A&J MANUFACTURING, LLC

    2465 Demere RD.,   Suite 210, St. Simons Island, GA, 31522-1630
    You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

Christopher G. Hoge
_____          Clerk of the Court
Name of Plaintiff's Attorney
Crowley, Hoge & Fein, P.C.
_____          By _____
Address                                                   Deputy Clerk
1730 Rhode Island Ave., NW, #1015   Washington, DC 20036
2024832900                                        Date    7/7/2015
_____
Telephone
如需翻譯, 请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Dè có mót bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오        ፕክምር ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





### TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                          Demandante

contra

_____                    Número de Caso: _____
                                          Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados despues que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados despues que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                          _SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

                                          Por: _____
_____
Dirección                                                Subsecretario

_____

                                          Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Dể có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 연락주십시요.                     (202) 879-4828 이번-A-

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                    CASUM doc

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.)
                               )
           Plaintiff           )
                               )
        v.                  ) Civil Action No. 2015 CA 005059 B
                               )
A&J MANUFACTURING, L.L.C. , *et al.*    )
                               )
          Defendants     )

## NOTICE AND ACKNOWLEDGMENT FOR SERVICE BY MAIL

To: A & J Manufacturing, L.L.C.
    2465 Demere Road, Suite 210
    St. Simons Island, GA 31522-1630
    *Defendant*
    C/O: Jay Simms
    President

       The enclosed Summons, Complaint and Initial Order are served pursuant to Rule 4(c)(4)

of the District of Columbia Superior Court Rules of Civil Procedure.

       You must sign and date the Acknowledgment (below). If you are served on behalf of a

corporation, unincorporated association (including a partnership), or other entity, you must

indicate under your signature your relationship to that entity. If you are served on behalf of

another person and you are authorized to receive process, you must indicate under your signature

your authority.

       If you do not complete and return the form to the sender within twenty (20) days after it

has been mailed, you (or the other party on whose behalf you are being served) may be required

to pay any expenses incurred in serving a summons, complaint and initial order in any other

manner permitted by law.

If you do complete and return the forms, you (or the other party on whose behalf you are being served) must answer the Complaint within twenty (20) days after you have signed, dated and returned the form.  If you fail to do so, judgment by default may be entered against you for the relief demanded in the Complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was sent by e-mail and first class mail, postage prepaid, on July 8, 2015.

DATE: _July 8, 2015_          _____
                                Christopher G. Hoge
                                *Counsel for Plaintiff*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS,
## COMPLAINT AND INITIAL ORDER

                    *Mark D. Johnson*  ──── Outside Counsel
I, ~~Jay Simms~~, ~~President~~ of A & J Manufacturing, L.L.C., received a copy of the
                                        *777 Gloucester St.,*
Summons, Complaint and Initial Order in the above-captioned matter at ~~2465 Demere Road,~~
~~Ste. 200,~~ *Brunswick, Ga. 31525* on *the date indicated below.*
~~Suite 210, St. Simons Island, GA 31522-1630.~~


DATE: _August 4, 2015_          _____
                                ~~Jay Simms~~ *Mark D. Johnson*
                                ~~President~~ *Outside counsel*
                                A & J Manufacturing, L.L.C.
                                *Defendant*

2

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.)

                Plaintiff     )

                         )

        v.               ) Civil Action No. 2015 CA 005059 B

                         )

A&J MANUFACTURING, L.L.C. , *et al.*   )

                         )

           Defendants    )

### NOTICE AND ACKNOWLEDGMENT FOR SERVICE BY MAIL

To: A & J Manufacturing, Inc.
    903 Lake Asbury Drive
    Green Cove Springs, FL 32043
    *Defendant*
    C/O: Jay Simms
    President

       The enclosed Summons, Complaint and Initial Order are served pursuant to Rule 4(c)(4) of the District of Columbia Superior Court Rules of Civil Procedure.

       You must sign and date the Acknowledgment (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

       If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

1

If you do complete and return the forms, you (or the other party on whose behalf you are being served) must answer the Complaint within twenty (20) days after you have signed, dated and returned the form.  If you fail to do so, judgment by default may be entered against you for the relief demanded in the Complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was sent by e-mail and first class mail, postage prepaid, on July 8, 2015.

DATE: _July 8, 2015_          _Christopher G. Hoge_
                                          Christopher G. Hoge
                                          *Counsel for Plaintiff*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT AND INITIAL ORDER

I, ~~Jay Simms~~ *Mark D. Johnson* , ~~President~~ *Outside Counsel* of A & J Manufacturing, Inc., received a copy of the Summons, Complaint and Initial Order in the above-captioned matter at ~~2465 Demere Road, Suite 210, St.~~ *777 Gloucester St., Ste. 200 Brunswick, Ga. 31525* ~~Simons Island, GA 31522-1630.~~ *on the date indicated below.*

DATE: _August 4, 2015_

                                          ~~Jay Simms~~ *Mark D. Johnson*
                                          ~~President~~ *Outside Counsel*
                                          A & J Manufacturing, Inc.
                                          *Defendant*

2

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

ADDUCI, MASTRIANI & SCHAUMBERG,   :
LLP,

     *Plaintiff,*            :

v.                       :     Case No. 2015 CA 005059 B

A&J MANUFACTURING, LLC, *et al.*, :

     *Defendants.*         :

### <ins>PRAECIPE REGARDING EXTENSION OF TIME FOR RESPONSE TO COMPLAINT</ins>

Defendants A&J Manufacturing, LLC and A&J Manufacturing, Inc. (collectively, "Defendants"), with the consent of Plaintiff Adduci, Mastriani & Schaumberg, LLP ("Plaintiff"), by any through their undersigned counsel, and pursuant to Superior Court Rule of Civil Procedure 55(a)(2), hereby file this Praecipe Regarding Extension of Time for Response to Complaint, and for their reasons state as follows:

    1.     Plaintiff filed a Complaint against Defendants with this Court on or about July 7, 2015.

    2.     Defendants were served with a Summons and Complaint on August 4, 2015.

    3.     Defendants' response to the Complaint is therefore due on or before August 24, 2015.

    4.     Superior Court Rule of Civil Procedure 55(a)(2) permits the parties to extend the deadline by which a response to a Complaint is due by filing "[a] praecipe, signed by the plaintiff(s) and defendant(s) in question or their attorneys of record and filed with the Court, which provides for a one-time extension of not more than 20 days within which to plead or otherwise respond."

    5.     Pursuant to that Rule, the parties hereby file this Praecipe providing Defendants

with a 20-day extension within which to plead or otherwise respond to Plaintiff's Complaint.

Defendants' response is therefore due on or before September 14, 2015.

Respectfully submitted,


CROWLEY, HOGE & FEIN, P.C.                    FUREY, DOOLAN & ABELL, LLP


By: __/s/ Christopher G. Hoge_____          By: ____/s/ Robert E. Grant_____
    Christopher G. Hoge, Esq.,                   Robert E. Grant, Esq., Bar No. 458157
    Bar No. 203257                               James P. Lillis, Esq., Bar No. 982113
    Elena Iuga, Esq., Bar No. 485684             Furey, Doolan & Abell, LLP
    1730 Rhode Island Avenue, NW                 8401 Connecticut Avenue, Suite 1100
    Suite 1015                                   Chevy Chase, Maryland  20815-5803
    Washington, D.C. 20036-3112                  Tel. 301.652.6880
    Tel. (202) 483-2900                          Fax 301.652.8972
    Fax (202) 483-1365

    *Attorneys for Plaintiff*                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2015, a copy of foregoing was filed via CaseFileXpress and served electronically to:

Christopher G. Hoge, Esq.
Elena Iuga, Esq.
1730 Rhode Island Avenue, NW
Suite 1015
Washington, D.C. 20036-3112
*Attorneys for Plaintiff*
*Adduci, Mastriani & Schaumberg, LLP*

_____/s/ James P. Lillis_____
James P. Lillis